**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCTOBER 21 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE RICKY FREEMAN,

Defendant - Appellant.

No. 13-50493

D.C. No. 2:12-cr-00734-ABC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted October 7, 2014
Pasadena, California

Before: TALLMAN, BEA, and FRIEDLAND, Circuit Judges.

Tyrone Freeman appeals his convictions, after jury trial, on four counts of

mail fraud (18 U.S.C. § 1341) and six counts of embezzling the assets of a labor

organization (29 U.S.C. § 501(c)). Freeman also appeals the sentences imposed

for these convictions, as well as the sentence imposed for a separate, unchallenged

conviction for making a false statement to a federally insured bank (18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 1014).  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Sufficient evidence supports Freeman's convictions.  *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc).  On Counts 10-11, a rational trier of fact could have found that the funds Freeman embezzled belonged to Local 6434, which was a labor organization.  Likewise, on Counts 1-8 and 10-11, a rational trier of fact could have found that Freeman acted with the necessary fraudulent intent.  *See United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam).

The district court did not abuse its discretion in admitting draft minutes into evidence under the business records hearsay exception, Fed. R. Evid. 803(6).  The possibility that the draft minutes contained inaccuracies does not affect their admissibility.  *See United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999).

The Government did not plainly misstate the evidence during its rebuttal closing argument.  *Cf. United States v. Mageno*, 762 F.3d 933, 943-44 (9th Cir. 2014).  On the contrary, the Government grounded its argument in the evidence and reasonable inferences from that evidence.  *See United States v. Gray*, 876 F.2d 1411, 1417 (9th Cir. 1989).

The district court did not clearly err in any of its loss calculations at sentencing.  On Counts 1-8 and 10-11, the district court did not clearly err in

2

finding that Freeman was owed no further compensation for his services. *See United States v. Sayakhom*, 186 F.3d 928, 946-47 (9th Cir. 1999). On Count 12, the district court did not clearly err in determining that Freeman caused the mortgage-related loss sustained by Countrywide Bank, or in determining that this loss was reasonably foreseeable. *See Robers v. United States*, 134 S. Ct. 1854, 1859 (2014).

**AFFIRMED.**